IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DION BECKER,

    Plaintiff,

v.                                          No. CV 14-0724 RB/SMV

LAW FIRM OF LIANE KERR, LLC,
LIANE KERR, ESQ.,
YARELI OLGAVE,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The complaint invokes, *inter alia*, 42 U.S.C. § 1983 as its jurisdictional basis. Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his 28-page complaint, Plaintiff makes numerous allegations against Defendants, who are a law firm and an attorney and legal assistant at the firm. Defendants represented Plaintiff under a contract with the New Mexico Public Defender Department. In sum, Plaintiff alleges that Defendants violated numerous provisions of the code of professional conduct, all to his detriment in a pending state court criminal proceeding. These violations caused him various physical symptoms, anxiety, depression, aggravation of prior injuries, loss of wages and benefits, and loss of family. He asserts federal as well as state law claims, and he seeks damages and equitable relief.

No relief is available on Plaintiff's federal claims against Defendants. First, the complaint's allegations fail to present one of the two elements of a claim under 42 U.S.C. §1983. A complaint under §1983 must allege facts demonstrating that a plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Here, Defendants' actions were not taken "under color of state law," and the Court will dismiss Plaintiff's § 1983 claims against Defendants with prejudice. *See Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995) ("defense counsel . . . will not be deemed to

have acted under color of state law.  Therefore, plaintiffs failed to state a claim under § 1983 against . . . defense counsel.").

Nor is relief available on Plaintiff's claim that Defendants' violations of Plaintiff's rights "generated monies compensation for [Defendants] by means of public fraud as the Public Defenders Office is paid with (directly or indirectly) taxes or other public funds which is by definition a R.I.C.O. Act violation." (Compl. at 11.)  First, "[Plaintiff] does not have standing to assert a claim for civil damages under [R.I.C.O.] because he fails to allege any "injur[y] in his business or property" that was proximately caused by the alleged RICO violation . . . .  An allegation of personal injury and pecuniary losses occurring therefrom are not sufficient to meet the statutory requirement of injury to 'business or property.' "  *Bast v. Cohen, Dunn & Sinclair, PC*, 59 F.3d 492, 495 (4th Cir. 1995) (citations omitted).  As the Court of Appeals for the Tenth Circuit has stated, "injury to his reputation, dignity and emotional damages are not the type of injuries redressable by the antitrust laws or RICO which are expressly limited to injuries to 'business or property.' "  *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006).  And second, even if Plaintiff did have standing, his allegations of an attorney's improper representation of a defendant in a state criminal proceeding do not support a claim of a R.I.C.O. Act violation.  "In *Baumer*[ *v. Pachl,* 8 F.3d 1341, 1344 (9th Cir. 1993),] the Ninth Circuit made it clear that an attorney does not operate or manage an enterprise if the attorney's actions are "limited to providing legal services."  *Walter v. Drayson*, 496 F. Supp. 2d 1162, 1170 (D. Haw. 2007).  The Court will dismiss Plaintiff's claims under the R.I.C.O. Act.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law.  In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims.  It is assumed for

purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if - . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum. *See Wishneski v. Andrade*, --- F. App'x ----, No. 13-2199, 2014 WL 3453607, at *6 (10th Cir. July 16, 2014) (remanding with directions to dismiss state claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state claims with prejudice precludes adjudication of the claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's federal claims are dismissed with prejudice, otherwise the complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE